## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Tammie Adams (claimant), dependent**
**of Kenneth Adams (deceased),**
**Claimant Below, Petitioner**

**v.)      No. 25-573**  (JCN: 900071148)
                        (ICA No. 24-ICA-510)

**Greyhead Mining Co., Inc., Employer**
**Below, Respondent; Mohon Enterprises, Inc.,**
**Employer Below, Respondent; and Offices**
**of the Insurance Commissioner, in its**
**capacity as administrator of the Old Fund,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Tammie Adams (claimant), dependent of Kenneth Adams (deceased), appeals the June 27, 2025, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Adams v. Greyhead Mining Co., Inc.*, No. 24-ICA-510, 2025 WL 1784900 (W. Va. Ct. App. Jun. 27, 2025) (memorandum decision). Respondent Offices of the Insurance Commissioner ("OIC"), in its capacity as administrator of the Old Fund, filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the November 25, 2024, decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"), which affirmed the claim administrator's June 14, 2022, order denying the claimant's claim for death benefits for occupational pneumoconiosis ("OP").

The claimant asserts that, in finding that OP did not materially contribute to the decedent's death,[2] the Occupational Pneumoconiosis Board ("OP Board") improperly disregarded his treating

---

[1] The claimant appears by counsel Reginald D. Henry and Lori J. Withrow, and OIC appears by counsel Sean Harter. The employers, Greyhead Mining Co., Inc. and Mohon Enterprises, Inc., did not file responses.

[2] As an initial matter, this is a case in which the OP Board has never stated that the decedent had OP. In the prior OP claim, the decedent sought a permanent partial disability award, which was denied. At the relevant hearing, the OP Board attributed the decedent's 10% pulmonary impairment to a non-occupational motor vehicle accident the decedent had in 1989, which caused his disability and stopped him from working. More specifically, the non-occupational motor

physicians' opinions that the decedent's cardiac and lung disease were directly caused by his OP. The claimant further argues that the decedent's extensive dust exposure and radiographic findings of OP show that OP ultimately led to his premature death. Thus, the OP Board acted unreasonably and against the weight of evidence in concluding that OP did not constitute a material contributing factor. Therefore, the claimant argues that the lower tribunals' decisions based on the findings of the OP Board should be reversed and the claim for death benefits should be granted. OIC counters by arguing that voluminous medical records contained in the claim file support the OP Board's finding that OP did not materially contribute to the decedent's death. OIC argues that the claimant fails to show that the OP Board clearly erred in concluding that OP was not a material contributing factor. Therefore, as the OP Board was not clearly wrong,[3] OIC argues that this Court should affirm the denial of death benefits.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: January 13, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

vehicle accident caused the elevation of the decedent's left diaphragm. Subsequently, the OP Board testified in the death benefits claim that the radiographic findings of pulmonary fibrosis did not begin becoming more common until 2011, twenty-two years after the decedent quit working as a coal miner. The OP Board concluded that the pulmonary fibrosis shown on the radiographic studies of the decedent's lungs was consistent with idiopathic pulmonary fibrosis, which was non-occupational in nature, instead of OP.

[3] West Virginia Code § 23-4-6a provides that the OP Board's findings are entitled to deference "unless . . . clearly wrong in view of the reliable, probative and substantial evidence on the whole record."